By the Court.—Sedgwick, J.
There is no denial that the defendant had the right at his pleasure to take down his own house, excepting such part of it as was portion of the party-wall, and the ends of the beams in the wall. If the weakening of the party-wall perpendicularly was a necessary consequence of the taking down of the house, then, the party-wall itself not having fallen into decay, the defendant would be responsible for the damage, whether he hired workmen to pull the building down or did it through a contract. If it were not a necessary consequence but a highly probable one ; for instance, if it would follow, unless precautions, beside care and skill were taken, then, whether the defendant would not have been bound to take these precautions, or at least to have given notice to the plaintiff that he might take them, is not a question in this case. There was no proof as to the probable consequences of taking defendant’s building down, and there is no inference to be drawn from the fact of a building having its beams in a party-wall that it could not be done without weakening the wall or taking out the ends of the beams in the wall. So the case is that the building might be taken down by the use of ordinary care, and the wall be left as strong as it was ; and the immediate question is, if the defendant made a contract with Macgregor to take the building down, is the defendant responsible for the workmen of Macgregor weakening the party-wall by their negligence or unskillfulness. I think the answer must be that the negligence was the negligence of Macgregor, and not of the defendant. Macgregor’s workmen were his servants. They were not the servants or agents of the plaintiff.
Button v. Hunter, 7 Hurl. & N. 726 (1862) was cited in McCafferty v. S. D. P. M. R., 61 N. Y., 183, by the judge delivering the opinion of the court. The case applied well-known principles, and may properly *300 be used to determine the present case. The defendant was the owner of a house adjoining the plaintiff’s house, and between the two houses was an ancient party-wall. The defendant made through his architect a contract with another to have the front wall of defendant’s house taken down. In this front wall was a breast-summer,* which extended six inches into the party-wall and proper workmanship required that before the breast-summer be removed, the plaintiff’s house be shored. The contractor through Ms workmen took out the beam without shoring up, which caused plaintiff’s house to be injured. It was adjudged that the defendant was not liable, on the ground ‘ ‘ that there was no evidence that the defendant stood in the relation of master and servant to the persons whose negligence caused the injury.” The judges considered the proposition, “that where a person employs tradesmen to do a work which may be dangerous to another, he is bound to show that he directed all care to be taken, and specifically pointed out in what way the danger was to be guarded against, or at all events did enough to exempt himself from responsibility,” but said that “it must be assumed that directions were given in the ordinary way, and to take all proper precautions not to do mischief.” It was further remarked that it “is said that the defendant ought to have given orders to do the work in a tradesmanlike manner, or ought to have pointed out wha,t was required. But it seems to me, that it would be unreasonable to require an unskilled person to point out to a skilled person in what way the work should be done. I think that, as matter of fact, if a man gives an order to a tradesman to do *301 some work, he means to do it in the ordinary trades-manlike way.”
The substance of these considerations, as applied to to this case is, that the defendant had contracted to have the house pulled down in a manner that would not have been an injury to plaintiff’s rights. The contract therefore does not make him liable. When the contractor’s servants went beyond this contract, and damaged the wall by unskillfulness, they had not been thereunto authorized by plaintiff, and were not his servants or agents.
If the plaintiff’s contract had been, that the building, including a part of the party-wall, sho uld be taken down, of course there would have been responsibility for damages ; but the court, on the evidence, properly, in his charge to the jury, assumed that the contract did not refer to the party-wall.
The liability of defendant has been stated as if he, of his own head, had taken down his building. The fact was, that he did it in obedience to the direction of a public officer. The specific duty thereby created did not enlarge the duty he was before under to the plaintiff.
I do not see that the parties’ rights are affected by the defendant not giving notice to the plaintiff of Ms proposed action. The defendant was enjoying a right of property which, on the evidence, was not likely to cause damage to plaintiff. There was nothing to be done by plaintiff in the matter, to avert events which were not anticipated, or likely to happen.
I am of opinion that the exceptions should be sustained, and a new trial had with costs to the defendant to abide the event.
Curtis, Ch. J., and Speir, J., concurred.

 Breast-summer is a summer or beam placed breast-wise to support a superincumbent wall used principally over shop-windows to carry the upper part of the front, and supported on posts of columns.—Webs.